**EX PARTE Fermine Louis CASTILLO, Applicant.**

**No. WR–75361–01.**

Court of Criminal Appeals of Texas.

Nov. 16, 2011.

Fermine Louis Castillo, pro se.

Kristen Jernigan, Asst. District Atty., Georgetown, Lisa C. McMinn, State's Attorney, Austin, for State.

---

## ORDER

PER CURIAM.

We deny applicant relief on the trial court's original findings and conclusions.

COCHRAN, J., filed a concurring statement in which JOHNSON, J., joined.

COCHRAN, J., filed a concurring statement in which JOHNSON, J., joined.

I join in the Court's order denying applicant relief, but I write separately because I believe that his Motion for Reconsideration (On the Court's Own Motion) raises an important issue concerning the duties of the district clerk to forward copies of orders, motions, and responses to a habeas applicant.

Applicant filed a post-conviction application for a writ of habeas corpus, pursuant to Article 11.07, attacking his felony conviction for murder.[1] On January 18, 2011, the State filed its Proposed Order resolving designated issues of fact.[2] And on January 28, 2011, the trial judge signed an Approved Order recommending that relief be denied. On February 2nd, the trial judge forwarded the writ application and associated materials to this Court.[3] We then sent notice to applicant that his writ application had been received by the Court on February 14, 2011. We denied relief on applicant's claims on March 16, 2011.

Applicant then filed a Motion for Reconsideration, alleging that he had not timely received a copy of the State's Proposed Order, the trial judge's Approved Order, or the district clerk's Notice of Filing of Applicant's Writ. He asserted that, when he received notice from this Court on February 14th that his application and associated materials had been received, he wrote to the Williamson County District Clerk's Office requesting a copy of the Approved Order. The Clerk's Office then sent him a letter stating that he was not entitled to receive a copy of these materials until he paid $1.00 for the first page of any document and $0.25 for each page of the document thereafter. The letter stated, "We understand you are incarcerated; however, the law does not require us to supply unlimited free copies of paperwork. Also, please be advised that an affidavit of indigency does not apply to copies."

The clerk's refusal to send an applicant free copies of the trial court's orders on a post-conviction writ application violates Texas law. Article 11.07, § 7, explicitly states:

> When the attorney for the state files an answer, motion or other pleading relating to an application for a writ of habeas corpus or the court issues an order relating to an application for a writ of habeas corpus, the clerk of the court shall mail or deliver to the applicant a copy of the answer, motion, pleading, or order.[4]

This is a mandatory statute. It does not require the applicant to pay any money before (or after) he is entitled to receive responses, motions, or orders that are relevant to his post-conviction application for a writ of habeas corpus. And it is only fair that the applicant be sent copies of these documents in a timely manner so that he may respond, if appropriate, before the writ applications and associated materials are sent to this Court for final resolution. Section 7 ensures that an applicant is timely notified as to why the trial judge or the State agrees or disagrees with his claims,

---

1. TEX.CODE CRIM. PROC. art. 11.07, § 3(b).

2. *Id.*, § 3(c), (d).

3. *Id.*

4. *Id.*, § 7.

and it gives him the opportunity to contest the State's response and the trial judge's findings of fact and conclusions of law before they are transmitted to this Court.[5]

In this particular case, after we reconsidered on our own motion our previous denial, we issued an order instructing the trial judge to order the Williamson County District Clerk to file an affidavit regarding her policy concerning compliance with Article 11.07, § 7. The District Clerk did so and explained that her policy is that "once a defendant is found indigent, no charge can be assessed for a copy request made by that defendant. In addition, it is her policy to mail all Court Orders to the defendant." Apparently, one of the assistant clerks misunderstood the policy regarding payment when she originally responded to applicant. I am confident that the Williamson County District Clerk— and other district clerks across the state— will continue to ensure full compliance with the requirements of Article 11.07, § 7, and will timely send copies of relevant responses, motions, and orders to an applicant seeking habeas corpus relief without requiring or requesting payment.

Because applicant did eventually receive the copies to which he was entitled, and because we did reconsider applicant's claims after he received those copies, the Court properly denies applicant relief on those claims.

---

5. In other cases, we have noted that clerks sometimes do not send responses, motions, proposed orders, and approved orders to the applicant (or his attorney) until after the clerk has transmitted all of the documents to this Court. Such untimely notification defeats the purpose of Section 7. The applicant should be given an opportunity to file objections to the trial court's findings of fact before they are transmitted to this Court.